IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| O. C. HILL JR., <br>  Petitioner, <br><br> v. <br><br> APRIL CORRAL and <br> MONICA DELGADO, <br>  Respondents. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Case No. EP-23-CV-389-KC |

## DISMISSAL ORDER

  O. C. Hill Jr. is a resident at the Horizon North Multi-Use Facility operated by private transitional center manager CoreCivic in El Paso, Texas. Pet'r's Pet., ECF No. 1 at 1. He petitions the Court for a writ of mandamus to compel CoreCivic employees April Corral and Monica Delgado to (1) facilitate the payment of Supplemental Security Income benefits he claims are owed him, and (2) transition him to Zoe's Place group home in Austin, Texas. *Id*. at 4.

  Because Hill neither paid the filing fee nor applied to proceed *in forma pauperis*, the Court ordered him on October 23, 2023, to either pay the filing fee or apply to proceed without prepaying costs or fees no later than November 13, 2023. Order, ECF No. 2. When Hill failed to respond to the order, the Court extended the time on its own motion to no later than January 4, 2024. Order, ECF No. 4.

  The Court notes that, as of this date, Hill has not responded to its orders. It observes that Federal Rule of Civil Procedure 41(b) permits a district court to dismiss a claim on a defendant's motion "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Although a dismissal motion is not pending in this case, the Court nonetheless finds that it has the inherent authority to dismiss an action on its own motion under the circumstances in this case. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) ("The authority of a court to dismiss *sua sponte*

for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court. … The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant.").

Because Hill has failed to comply with the Court's orders and prosecute his claims, the Court concludes that it should dismiss his cause without prejudice. No less drastic sanction is appropriate, given that Hill has made no effort to resolve this matter.

Furthermore, the Court notes that "[a] writ of mandamus is 'a drastic and extraordinary remedy reserved for really extraordinary cases.'" *In re JPMorgan Chase & Co*., 916 F.3d 494, 499 (5th Cir. 2019) (quoting *In re Depuy Orthopaedics, Inc*., 870 F.3d 345, 350 (5th Cir. 2017)). It may issue only if the petitioner first demonstrates (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004). The Court further notes that although Federal Rule of Civil Procedure 81(b) abolished writs of mandamus, federal courts may still "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. And federal courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Still, federal courts generally lack the "power to issue writs of mandamus" to direct state actors—or private actors fulfilling state functions—in the performance of their duties. *Moye v. Clerk, DeKalb Cnty. Superior Ct*., 474 F.2d 1275, 1276 (5th Cir. 1973).

The Court finds Hill's claim that Corral and Delgado can somehow facilitate the payment of his Supplemental Security Income benefits and transition him to Zoe's Place group home is, at best, speculative. Moreover, the Court further finds that Corral and Delgado are private actors performing a state function—and not officers or employees of the United States. Consequently, the Court concludes that Hill cannot meet his burden of showing a clear right to the relief he has requested, a clear duty by Corral and Delgado to do the acts he has requested, and the lack of any other adequate remedy. Indeed, the Court concludes that it is simply without the power necessary to order Corral and Delgado to meet Hill's demands. *Cf. Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties).

Accordingly, after due consideration, the Court enters the following orders:

**IT IS ORDERED** that Hill's "Request for Mandamus Relief" (ECF No. 1) is **DENIED** for failure to comply with the Court's orders and failure to prosecute, and his case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the District Clerk shall **CLOSE** this case.

SIGNED this 25th day of January, 2024.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE